UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-61732-GAYLES
MAGISTRATE JUDGE P.A. WHITE

JOHNNIE L. SCOTT,                    :

      Plaintiff,           :

vs.                                  :        **PRELIMINARY REPORT
                                              OF MAGISTRATE JUDGE**

JUDGE BARBARA                        :
McCARTHY, ET. AL,
                                     :
      Defendants.
_____/


I. Introduction

    The plaintiff, Johnnie L. Scott, while confined at Broward County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1).

    He previously filed a motion to proceed *in forma pauperis* (DE#4), which was granted by court order without requiring that plaintiff prepay the filing fee, but establishing a $350.00 debt. (DE#6). Because plaintiff is a prisoner seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

    Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part

thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. <u>See</u> 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

II. <u>Discussion</u>

A.  <u>Standard of Review</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings *in Forma Pauperis*

* * *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

* * *

(B) the action or appeal –

* * *

(I)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

Because plaintiff was confined at Broward County Jail and has sought and been granted leave to proceed *in forma pauperis*, the

2

Prison Litigation Reform Act requires that the court review all complaints against governmental officers and entities to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(a), (b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the

claim.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th
Cir.2001).

        In order to state a claim, a plaintiff must show that conduct
under color of state law, complained of in the civil rights suit,
violated the plaintiff's rights, privileges, or immunities under
the Constitution or laws of the United States.  Arrington v. Cobb
County, 139 F.3d 865, 872 (11th Cir. 1998).

        Pro se complaints are held to "less stringent standards than
formal pleadings drafted by lawyers and can only be dismissed for
failure to state a claim if it appears 'beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106
(1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  The
allegations of the complaint are taken as true and are construed in
the light most favorable to Plaintiff.  Davis v. Monroe County Bd.
Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

        To determine whether a complaint fails to state a claim upon
which relief can be granted, the Court must engage in a two-step
inquiry.  First, the Court must identify the allegations in the
complaint that are not entitled to the assumption of truth.  Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include
"legal conclusions" and "[t]hreadbare recitals of the elements of
a cause of action [that are] supported by mere conclusory
statements." Second, the Court must determine whether the complaint
states a plausible claim for relief.  Id.  This is a
"context-specific task that requires the reviewing court to draw on
its judicial experience and common sense." The plaintiff is
required to plead facts that show more than the "mere possibility
of misconduct."  The Court must review the factual allegations in
the complaint "to determine if they plausibly suggest an

entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### B.  Facts Set Forth in the Complaint

The plaintiff has named the following defendants: Judge Barbara McCarthy, Broward County State Attorney's Office, and The Florida Bar. (DE#1, p. 2).

The plaintiff alleges pursuant to a plan authored by Judge McCarthy, he was illegally prosecuted for gun-related crimes in order to pressure him to testify in a murder case that did not involve him or his family.  Subsequently, the Broward County State Attorney's Office intentionally ignored complaints of abuse he filed on behalf of his children, who have been bullied and assaulted at school due to his legal problems. The plaintiff does not mention the Florida Bar in his statement of facts. The plaintiff requests damages and mentions injunctive relief. (DE# 1, p. 3).

### C.  Analysis

*Judge Barbara McCarthy*

Judges are absolutely immune in a §1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity

---

[1]The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

except in certain circumstances not applicable here (such as suits involving judges' administrative, legislative, or executive functions). Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985).

Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even when such acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous, or corrupt or done pursuant to bribe or conspiracy. Forrester, supra; Cleavinger v. Saxner, 474 U.S. 193 (1985); Pierson, supra.

The plaintiff has not alleged any facts that demonstrate that Judge Barbara McCarthy acted in the absence of jurisdiction.

*Broward County State Attorney's Office & Florida Bar*

The plaintiff appears to be suing the Broward County State Attorney's Office and the Florida Bar because he is unhappy with his gun-related charges filed against him in Broward County case no. 13000829CF10A. It appears he is currently a pre-trial detainee.

Claims which challenge the constitutionality of current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, **including pre-trial confinement**. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).

Further, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Heck applies to suits filed by pretrial detainees.  Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

Because Scott's detention has not been remedied by any of the procedures listed in Heck, his claims are premature and thus not cognizable under §1983 at this time.

*Injunctive Relief*

Scott mentions in his complaint that he seeks injunctive relief from some of the defendants.  This type of relief is an extraordinary remedy.  The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. See California v. American Stores Company, et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774 (11th Cir. 1984).  The four factors are as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

The plaintiff does not state a <u>prima facie</u> case for preliminary injunctive relief. The plaintiff has not adequately shown any indication of <u>immediate</u>, <u>irreparable</u> harm. It does not appear that the plaintiff has demonstrated that he meets the four prong requirement to grant injunctive relief at this time.

## III.  <u>Conclusion</u>

Based on the foregoing, it is recommended that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. <u>See</u> 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790,794 (1989); <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 26th day of August, 2014.

UNITED STATES MAGISTRATE JUDGE

cc:  Johnnie L. Scott, III, <u>Pro Se</u>
     DC # 571401855
     Broward County Jail-NBB
     North Broward Bureau
     Inmate Mail/Parcels
     Post Office Box 407037
     Ft. Lauderdale, FL 33340