UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-61732-CIV-GAYLES/WHITE

JOHNNIE L. SCOTT,

    Plaintiff,
vs.

JUDGE BARBARA
MCCARTHY, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report ("Report") [ECF No. 7], entered on August 26, 2014. Plaintiff, Johnnie L. Scott ("Scott"), while confined at the Broward County Jail, filed a *pro se* civil rights complaint ("Complaint") [ECF No. 1] pursuant to 42 U.S.C. section 1983 ("section 1983"). The Clerk referred the case to Magistrate Judge White under Administrative Order 2003-19 for a report and recommendation on any dispositive matters. *See* [ECF No. 3]. In the Report, Magistrate Judge White recommends that the Court dismiss the Complaint for failure to state a claim and close the case. On September 4, 2014, Scott timely filed objections ("Objections") [ECF No. 8] to the Report. On September 11, 2014, Scott filed a motion for writ of habeas corpus [ECF No. 9]. The Court has carefully reviewed the Report, the Objections, the record, and applicable law.

In his Complaint, Scott asserts that Judge McCarthy created a plan to illegally prosecute him for drug related crimes and that the Broward County State Attorney's office intentionally ignored his complaints about the abuse of his children. Scott also names the Florida Bar as a defendant but fails to mention the Bar in his statement of facts.

In the Report, Magistrate Judge White found that Judge McCarthy is protected from suit by the doctrine of judicial immunity and that Scott's allegations regarding his detention on gun related charges are insufficient to state a §1983 action. Magistrate Judge White indicated that a habeas corpus action is the proper vehicle for raising claims relating to the duration of a criminal defendant's confinement. Finally, Magistrate Judge White found that Scott failed to state a *prima facie* case for preliminary injunctive relief. Scott's objections essentially recite the same allegations set forth in his Complaint and do not refute Magistrate Judge White's findings.

The Court has reviewed the Report for clear error and is in full agreement with Judge White's comprehensive analysis and recommendations. In addition, the Court finds the Objections are without merit. The Court therefore finds that the Complaint should be dismissed.

For the reasons stated above, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 7]** is **AFFIRMED AND ADOPTED**, and the Complaint **[ECF No. 1]** is **DISMISSED**. The Clerk is directed to mark this case **CLOSED** for administrative purposes. It is further

**ORDERED AND ADJUDGED** that pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, Scott's Motion for Issuance of Writ of Habeas Corpus [ECF No. 9] is referred to United States Magistrate Judge White to take all necessary and proper action as required by law.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of September, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record